# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GREENFIELD REHABILITATION AGENCY INC., <br><br> Plaintiff, <br><br> v. <br><br> WOLVERTON OPERATIONS LLC, KAYE HEALTHCARE LLC, and EDEN CONSULTING LLC, <br><br> Defendants. | Case No. 18-CV-1891-JPS <br><br><br> **ORDER** |

On October 25, 2019, the plaintiff, Greenfield Rehabilitation Agency Inc. ("Greenfield"), filed an expedited motion to compel discovery responses from defendant Eden Consulting LLC ("Eden"). (Docket #37). Greenfield seeks production of "complete responses to Plaintiff's First Set of Discovery to Defendant" and "initial responses to Plaintiff's Second Requests for Production of Documents to Eden Consulting LLC." *Id.* at 1. For several reasons, Greenfield's motion must be denied.

First, Greenfield's motion neither sufficiently identifies the disputes at issue nor supports its arguments with authority. Greenfield generally bemoans Eden's tardiness and says that, as to the responses Eden has made thus far, they are "evasive and incomplete." *Id.* at 2. Greenfield then gives "examples" of this evasiveness, citing to a few specific discovery responses, *id.* at 2–3, presumably inviting the Court to explore the remainder of its discovery materials to ferret out the other evasive responses. The few examples of allegedly deficient responses that Greenfield highlights are not supported by case law or other authority that demonstrates their deficiency.

For example, Greenfield summarily states that "Eden Consulting apparently believes that it does not have to answer interrogatories or provide documentation regarding its billing for Greenfield's services because it was allegedly acting on behalf on a different entity. That is not a valid objection." *Id.* at 3. This is a legal conclusion that Greenfield must support with argument and authority if it desires relief. The Court cannot, and will not, construct arguments on behalf of parties. *Stransky v. Cummins Engine Co.,* 51 F.3d 1329, 1335 (7th Cir. 1995).

Second, Greenfield spends significant space in its motion condemning Eden for allegedly dodging its many attempts to confer about the status of discovery. *Id.* at 1–4. But Greenfield neglects to address, much less acknowledge, its own dilatory conduct in the discovery process. Beginning in July 2019, Eden began reaching out to Greenfield to discuss outstanding discovery issues. (Docket #43 at 2). On July 16, Eden sent Greenfield amendments to its previous discovery responses and inquired about coming to an agreement to resolve all outstanding discovery issues, including Greenfield's own delinquent responses. (Docket #44-5). Regrettably, Greenfield did not respond to that email. (Docket #44). On August 5, Eden sent another email seeking to resolve outstanding discovery issues. (Docket #44-7). One of Greenfield's lawyers, Christopher Wolske, responded with obfuscation, saying that Eden's counsel had to take up the issue of discovery with Greenfield's other lawyer, Jacob Sundelius. *Id.* Despite being cc'd on that email, Sundelius did not follow up with Greenfield. (Docket #44). On August 28, during two witness depositions, Greenfield again inquired about outstanding discovery issues and was again directed to Sundelius with no further response. *Id*. It appears Greenfield's goal was to negotiate a date by which both parties would

complete their discovery responses, given that both parties had outstanding discovery obligations.

Finally, in early October, Greenfield began responding to Eden's entreaties. On October 7, Greenfield made its first production of documents to Eden and then promptly told Eden that because it had now "completely responded to all [of Eden's] discovery requests," no "mutual exchange of written discovery [was] necessary." (Docket #44-11). Greenfield demanded an immediate response to its second set of discovery and threatened to file a motion to compel on October 9. *Id.* The parties then exchanged a handful of emails about the timing of Eden's production, with Eden requesting a brief extension due to Yom Kippur. (Docket #44-12 and #44-13). On October 14, Eden sent Greenfield a draft of its discovery responses, promising to send a signed copy after its client was able to review the draft. (Docket #44-13). On October 25, Greenfield filed the instant motion.

Surely both sides to this discovery spat deserve some blame for delay. But it is Greenfield who has come to this Court for relief, and it bears the burden of satisfying the Court that it attempted in good faith to confer with its opponent to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). Greenfield has not made a sufficient showing in that regard. It is disingenuous at best for Greenfield to demand prompt judicial intervention to compel responses to its discovery requests when it ignored for months Eden's attempts to negotiate a mutual date by which both sides would fulfill their discovery obligations. This is especially true given that, once Greenfield finally engaged with Eden's requests to confer, Greenfield did not attempt to discuss the specific issues underlying the parties' disputes about particular discovery requests; Greenfield simply made firm and blanket demands for a complete production. This does not comport with

the spirit of the meet-and-confer requirement. *See Gross v. PPG Indus., Inc.*, No. 07-CV-982, 2009 WL 159261, at *1 (E.D. Wis. Jan 22, 2009) (holding that telephone and e-mail correspondence was insufficient to satisfy the discovery motion meet and confer requirements where the tone of those communications demonstrated a lack of sincere conciliatory effort).

Finally, Eden indicates that on October 25, the same day Greenfield filed the instant motion, Eden provided complete responses to Greenfield's outstanding discovery requests. (Docket #43 at 3). The software Eden used to send the discovery shows that Greenfield accessed the file on October 30. (Docket #44 at 3). Because Greenfield is not entitled to a file a reply in support of its expedited motion, *see* Civ. L. R. 7(h)(2), the Court has no way of knowing whether Greenfield is satisfied with Eden's production. Regardless, it appears Greenfield's demand has been met, and if it has not, Greenfield can file another motion to compel after it meaningfully complies with its obligation to meet and confer.

Federal Rule 37(a)(1) and Civil Local Rule 37.1 are designed to prevent discovery motions such as the one now before the Court. The Court has neither the time nor inclination to involve itself in an aspect of the case which our legal system entrusts attorneys to handle in a cooperative professional manner. If there is a genuine dispute regarding discovery that the parties cannot resolve despite actual good faith efforts, then the Court will be obliged to rule on the matter. The instant motion does not advance such a dispute. Thus, it will be denied.

Accordingly,

**IT IS ORDERED** that Greenfield Rehabilitation Agency Inc.'s expedited motion to compel (Docket #37) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge