# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GREENFIELD REHABILITATION
AGENCY, INC.,

                      Plaintiff,

v.

WOLVERTON OPERATIONS, LLC,
KAYE HEALTHCARE, LLC, and EDEN
CONSULTING, LLC,

                      Defendants.

Case No. 18-CV-1891-JPS

**ORDER**

      This case, originally filed in Fond du Lac County Circuit Court, was removed to this Court on November 30, 2018. (Docket #1). The plaintiff, Greenfield Rehabilitation Agency Inc. ("Greenfield"), alleges that it provided therapy services at a nursing home in Ripon, Wisconsin for which it has not been paid, and it seeks to recover the unpaid amounts from the defendants, Wolverton Operations, LLC ("Wolverton"), Kaye Healthcare, LLC ("Kaye"), and Eden Consulting LLC ("Eden"). (Docket #1-1 at 6–9). Greenfield also alleges that its contract to provide therapy services was improperly terminated early, causing it to lose profits. *Id.* at 9. Greenfield alleges that "Wolverton, Kaye, and Eden are related entities" with "no separate identity," and thus Greenfield seeks to hold all three entities accountable for its damages. *Id*.

      On January 13, 2020, Greenfield and Eden filed a joint stipulation of dismissal of Greenfield's claims against Eden. (Docket #52). The dismissal is without prejudice and without costs assessed to either party. *Id.* The parties indicate that they will move the Court to convert their stipulated

dismissal to operate with prejudice upon completion of all payments set forth in their settlement agreement. *Id.* The Court will adopt the parties' stipulation of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). The Court will deny as moot a motion *in limine* filed by Eden at a point in the case when Eden and Greenfield were still in a trial posture. (Docket #47).

Unlike Eden, neither Wolverton nor Kaye entered an appearance in this case after removal or filed an answer to Greenfield's complaint. Greenfield requested entry of default by the Clerk of Court, and on January 25, 2019, the Clerk entered default as to Wolverton and Kaye. In August 2019, Greenfield moved for default judgments against those defendants. (Docket #23 and #26). No response to those motions for default judgment has been received, and the time in which to do so has long since expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Wolverton and Kaye, the Court must accept all well-pleaded facts relating to their liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Greenfield of the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee*

*Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Greenfield seeks judgment against Kaye for $382,024.80 plus interest until the judgment is satisfied. (Docket #23, #24, and #25). According to an affidavit by Christopher Wolske ("Wolske"), Greenfield's lawyer, this amount includes (1) damages of $236,933.08 (for uncompensated therapy services), (2) interest as of August 14, 2019 totaling $50,524.81, and (3) attorney's fees as of August 14, 2019 totaling $95,506.20. (Docket #24 at 2). Wolske does not explain the $939.29 difference between the total of the amounts listed in his affidavit and the amount Greenfield seeks in its motion for default judgment.

Greenfield seeks judgment against Wolverton for the same amount, $382,024.80 plus interest until the judgment is satisfied. (Docket #26, #27, and #28). Wolske filed an affidavit in support of the motion against Wolverton that is identical in all material respects to his affidavit in support of the motion against Kaye. (Docket #27). In it, he claims that the amount sought against Wolverton includes (1) damages of $236,933.08, (2) interest as of August 14, 2019 totaling $50,524.81, and (3) attorney's fees as of August 14, 2019 totaling $95,506.20. *Id.* at 2. Again, Wolske does not explain the $939.29 difference between the total of the amounts listed in his affidavit and the amount Greenfield seeks in its motion for default judgment.

Greenfield's motions for default judgment are not viable as currently presented and must therefore be denied without prejudice. First, the Court wonders whether the settlement with Eden has mooted the motions entirely, as Greenfield pled that Eden, Wolverton, and Kaye are, for purposes of liability, the same entity. Second, if the motions are not moot, should Greenfield not seek default judgment against both entities together?

Third, the motions themselves do not comply with the above-cited precedent. They are as bare-bones as possible, containing no meaningful argument and attaching no evidence other than an affidavit from counsel reciting the amounts alleged owed. Neither the complaint nor Greenfield's default judgment motions include, for example, copies of the unpaid invoices or timesheets to support attorney's fees. In sum, Greenfield has much work to do before the Court could consider entering default judgment against Wolverton or Kaye.

If Greenfield wishes to refile motions for default judgment against Wolverton and/or Kaye, it may do so on within **twenty-one (21) days of entry of this Order**. If no motion is received by that date, the Court will close this case entirely.

Accordingly,

**IT IS ORDERED** that Greenfield and Eden's stipulation of dismissal (Docket #52) be and the same is hereby **ADOPTED**. Greenfield's claims against Eden be and the same are hereby **DISMISSED without prejudice and without costs assessed to either party**;

**IT IS FURTHER ORDERED** that Eden's motion *in limine* (Docket #47) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that Greenfield's motions for default judgment against Wolverton and Kaye (Docket #23 and #26) be and the same are hereby **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin, this 21st day of January, 2020.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge